UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 19-10416-GAO

UNITED STATES OF AMERICA,

v.

JAMES CHARLES,
Defendant.

OPINION AND ORDER
March 15, 2023

O'TOOLE, D.J.

James Charles was scheduled to appear for a final revocation hearing on September 21, 2021. He had been released on bail. Paul Saintil, Charles's eighty-one-year-old father, acting as Charles's surety, posted a $5,000 cash bond. Saintil executed an affidavit which included the statement, "I understand that if the defendant violates <u>any</u> of the conditions of release the deposit may be forfeited." (Mot. to Return Bail, Ex. 1 at 1 (dkt. no. 50-1) (emphasis in original).) Because Charles failed to appear at his scheduled revocation hearing, the bond was forfeited. Charles was eventually arrested and sentenced to imprisonment. He now requests that the $5,000 posted should be returned to Saintil despite his own violation of his bail conditions.

The purpose of bail is to ensure a defendant's compliance with the terms of release. The Federal Rules of Criminal Procedure require that a court "must declare the bail forfeited if a condition of the bond is breached." Fed. R. Crim. P. 46(f)(1).

A court may, however, return bail if "it appears that justice does not require bail forfeiture." Fed. R. Crim. P. 46(f)(2)(B). The First Circuit has applied four factors to determine if justice justifies return: "(1) the willfulness of the defendant's breach of conditions; (2) the participation

of the sureties in apprehending the defendant; (3) the cost, inconvenience and prejudice suffered by the government as a result of the defendant's breach; and (4) any explanation of mitigating factors presented by the defendant." United States v. Donlon, 909 F.2d 650, 657 (1st Cir. 1990) (quoting United States v. Gutierrez, 771 F.2d 1001, 1003 (7th Cir. 1985)). Some courts have decided that all four factors are not necessary to be resolved in the government's favor to determine that forfeiture is appropriate. Gutierrez, 771 F.2d at 1003; United States v. Stanley, 601 F.2d 380, 382 (9th Cir. 1979). Further, financial considerations are not a sufficient mitigating factor. Gutierrez, 771 F.2d at 1004; see also United States v. Skipper, 633 F.2d 1177, 1179–80 (5th Cir. 1981); United States v. Mattero, 752 F. Supp. 2d 78, 82 (D. Me. 2010).

Charles first argues that bail should be returned because he has now been incarcerated. The applicable rule does permit a court to set aside a forfeiture if the *surety* "later surrenders into custody the person released on the surety's appearance bond." Fed. R. Crim. P. 46(f)(2)(A). But the Court has found no cases recognizing that a released defendant's arrest and involuntary return to custody itself warrants returning the posted sum.

Moreover, there is no indication here that justice requires the bail be returned under the four Donlon factors. First, Charles knew of the date of his final revocation hearing, and there is nothing to indicate any substantial reasons as to why he was innocently unable to attend. Second, there is no evidence presented that Saintil encouraged Charles to turn himself in. In fact, Charles was arrested as the result of a traffic stop in Rhode Island. Third, while the government did not use extraordinary resources to bring Charles into custody, his arrest and return to custody involved measures that would not have been necessary if he had appeared for his final revocation hearing as required. Fourth, while the Court may consider any mitigating factors, as noted above, the

2

3

affidavit which Saintil signed acknowledged that forfeiture was authorized if Charles violated the terms of his release. The <u>Donlon</u> factors do not indicate that the bail amount should be returned.

For the foregoing reasons, the Motion to Return Bail is DENIED.

It is SO ORDERED.

<u>/s/ George A. O'Toole, Jr.</u>
United States District Judge
